EFREN AND SUZANNE HERRERA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herrera v. Commissioner
Docket No. 9565-83.
United States Tax Court
T.C. Memo 1984-47; 1984 Tax Ct. Memo LEXIS 626; 47 T.C.M. (CCH) 985; T.C.M. (RIA) 84047; January 30, 1984. Donald L. Stuart,Herbert S. Kendrick, and Don c. Stephenson, for the petitioners. Helen T. Repsis, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This fully stipulated case is before us on respondent's motion to dismiss for lack of jurisdiction on the grounds that the petition in this proceeding *627 was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1]
On January 21, 1983, the Commissioner timely mailed to petitioners, at their proper address, a statutory notice of deficiency. The 90-day period prescribed by section 6213(a), within which a petition requesting a redetermination of the deficiency must be filed with this Court, expired on Thursday, April 21, 1983, which date was not a legal holiday in the District of Columbia. Petitioners, through a representative, deposited their petition in the mail in Dallas, Texas, on April 21, 1983, in an envelope, postage prepaid, properly addressed to the United States Tax Court, Petition Section, 400 Second Street, N.W., Washington, D.C. 20217. The petition was sent by U.S. Certified Mail and the sender's receipt was postmarked with the April 21, 1983, mailing date by the postal employee to whom the envelope was presented. Prior to postmarking the sender's receipt, the postal employee verified that the correct amount of postage was affixed to the envelope. This is *628 the standard operating procedure for employees of the U.S. Postal Service in Dallas, Texas. The envelope was not returned to petitioners' representative for mailing, but was mailed by the postal employee. On April 25, 1983, the U.S. Postal Service returned for postage due to petitioners' representative, the envelope containing the petition with postage no longer affixed to the envelope. Upon receipt of the envelope, petitioners' representative placed the petition in a new envelope and again mailed the original petition by U.S. Certified Mail, on April 25, 1983, to the U.S. Tax Court. The U.S. Postal Service delivered the petition to this Court on April 28, 1983. The cover letter accompanying the petition refers to the serial number of the original certified mail-sender's receipt. The envelope which was returned for postage bears the same serial number as the certified mail-sender's receipt. Upon presenting their postmarked, certified mail-sender's receipt to the U.S. Postal Service, petitioners would not have been required to pay the postage due. Section 6213(a) provides that a taxpayer may file a petition in the Tax Court within 90 days of the mailing of a statutory *629 notice of deficiency to a taxpayer. Unless a petition is timely filed, the Tax Court must dismiss the case for lack of jurisdiction. . There is no dispute that the petition was not received by this Court within the 90-day period prescribed by section 6213(a). Thus, this Court has no jurisdiction unless petitioners can bring themselves within the provisions of section 7502. [2] That section provides that, if certain documents (here a petition) are delivered by United States mail after the time for filing them has expired, if they were timely mailed, and if they bear a timely U.S. Postal Service postmark, they will be considered filed on the date of the postmark. Sec. 7502(a)(1) and (2); . *630 Congress enacted section 7502 to eliminate the inequities resulting from the variations in the delivery of the mail by the U.S. Postal Service. When Congress made the time of mailing the critical date instead of the time of delivery, it made the date of the postmark determinative of the time of mailing. . Section 7502, then, provides an exception to the general rule that a petition will not be considered timely filed unless it was timely delivered to the Tax Court. Subsection (a)(1) provides that, if the petition arrives after the 90-day period but is delivered to the Tax Court by U.S. mail in an envelope properly addressed, postage prepaid, "the date of the United States postmark stamped on the cover" in which the petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date, if the "postmark date" falls within the prescribed period for filing. . Subsection (c) is another exception to the general rule. If the petition is sent certified mail, certification shall be prima facie evidence that the petition *631 was delivered to the Tax Court and the date of certification shall be deemed the postmark. In other words, a late delivery is nonetheless presumed to coincide with a timely postmark. The regulations promulgated by the Secretary, specifically section 301.7502-1(c)(2), Proced. & Admin. Regs., set forth the reguirements for reliance upon certified mail: If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of * * * certified mail. Respondent's only argument is that section 7502, by its terms, does not apply unless the document (in this case the petition) is delivered to the office with which it is required to be filed. Respondent agrees that the postmarked, certified mailsender's receipt together with proof that the envelope was properly addressed would constitute prima facie evidence that the document was delivered. Respondent maintains, however, *632 that the petition was not "delivered" because it was returned to petitioner for postage due and was remailed in a new envelope with a newly postmarked, certified mail-sender's receipt. This being the case, respondent says section 7502 is not applicable because it requires that the document actually be delivered to the Tax Court. Petitioner points to our discussion in , where the petition was mailed by ordinary mail within the required 90-day period. The petition was, however, never received by the Court and a second petition was subsequently mailed late. In Foerster, we held against the texpayer but observed that this outcome could likely have been avoided by use of the alternative procedure provided by section 7502(c)(1) of mailing registered (or certified) mail. Respondent attempts to distinguish Foerster:
[P]etitioner's reliance on this case is misplaced and, in fact, the case tends to support respondent's position in this matter. In Foerster the petition was mailed to this court by ordinary mail * * *. * * * [T]he initial petition was * * * never received by the Tax Court * * *. The court *633 in Foerster does point out that a different conclusion might have resulted had the registered mail procedures been utilized by the taxpayers. Here, the taxpayer did use alternative mailing procedure and, furthermore, there is no question that the Tax Court received the original petition. We fail to see how this case supports respondent's already tenuous position. Nor are we able to conceive of what further action respondent would have required of petitioners. They, through their representative, did everything within their power to correct the error of the postal service. Only a magician, upon receiving the returned petition on April 25th, four days after its timely mailing, would have been able to get it to the Tax Court with an April 21, 1983, U.S. postmark on it. Respondent's motion to dismiss the petition is denied. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) GENERAL RULE.-- (1) DATE OF DELIVERY.--If any * * * document required to be filed * * * within a prescribed period * * * under authority of any provision of the internal revenue laws is, after such period * * *, delivered by United States mail to the agency * * * with which such * * * document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery * * *. (2) MAILING REQUIREMENTS.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period * * * (i) for the filing * * * of the * * * document * * * and * * * (B) the * * * document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency * * * with which the * * * document is required to be filed * * *. (b) POSTMARKS.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. (c) REGISTERED AND CERTIFIED MAILING.-- (1) REGISTERED MAIL.--For purposes of this section, if any * * * document * * * is sent by United States registered mail-- (A) such registration shall be prima facie evidence that the * * * document was delivered to the agency * * * to which addressed, and (B) the date of registration shall be deemed the postmark date. (2) CERTIFIED MAIL.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.↩